# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMMY M. HARRIS,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 2:10-CV-00365-RLH-(PAL)

**ORDER**

        Before the court is plaintiff's civil rights complaint. The court has reviewed it, and the court will serve it upon defendants.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1         Plaintiff alleges that he is Jewish.  He claims that prison officials have denied his
2 requests to be provided kosher meals; they require that he provide recognition from an outside
3 Jewish organization that he actually is a conservative or orthodox Jew.  Plaintiff also claims that
4 prison officials then retaliated against him when he complained about the denial.  Plaintiff's
5 allegations, if true, state claims of violations of the Constitution of the United States and of the
6 Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

7         Also before the court is plaintiff's motion for a temporary restraining order (#3).  The
8 court denies this motion because plaintiff did not state that he gave defendants notice of this motion,
9 nor did he explain why he should not be required to give notice.  See Fed. R. Civ. P. 65(b)(1).

10         IT IS THEREFORE ORDERED that the clerk of the court file the complaint.

11         IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order
12 (#3) is **DENIED**.

13         IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto,
14 Attorney General for the State of Nevada, as counsel for defendants.

15         IT IS FURTHER ORDERED that the clerk shall send electronically serve defendants
16 with a copy of this order, the complaint, and the motion for a preliminary injunction (#2).  The
17 Attorney General shall advise the court within twenty (20) days from the date that this order is
18 entered whether service of process for the named defendants is accepted.  If the Attorney General
19 accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer
20 or other response to the complaint within thirty (30) days of the date of the notice of acceptance of
21 service.  If service cannot be accepted for any of the named defendants, then plaintiff will need to
22 file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and
23 specifying a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal
24 Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from
25 the date that this order is entered.

26         IT IS FURTHER ORDERED that if the Attorney General accepts service of process
27 for any of the defendants, such defendant(s) shall file and serve responses to the motion for a
28 preliminary injunction (#2) in accordance with LR 7-2.

1   IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants
2  or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
3  motion or other document submitted for consideration by the court.  Plaintiff shall include with the
4  original paper submitted for filing a certificate stating the date that a true and correct copy of the
5  document was mailed to the defendants or counsel for the defendants.  The court may disregard any
6  paper received by a district judge or magistrate judge which has not been filed with the clerk, and
7  any paper received by a district judge, magistrate judge or the clerk which fails to include a
8  certificate of service.

DATED:  July 13, 2010.

_____
ROGER L. HUNT
Chief United States District Judge