UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMMY M. HARRIS, | Case No.: 2:10-cv-00365-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Stay–#28) |
| HOWARD SKOLNIK, et al., | |
| Defendants. | |

Before the Court is Defendants Howard Skolnik, James Greg Cox, Greg Smith, James Baca, Brian E. Williams, Cheryl Burson, Jerry Howell, and Clarence King's **Motion to Stay Proceedings** (#28), filed November 1, 2010. The Court has also considered Plaintiff Sammy M. Harris' Opposition (#34), filed December 20, 2010.

### BACKGROUND

Pro Se Plaintiff Sammy Harris, a prisoner at the Southern Desert Correctional Center in Indian Springs, Nevada ("SDCC"), alleges that he is Jewish. Defendants are prison officials from the SDCC and the Nevada State Prison in Carson City, Nevada, as well as government officials from the Department of Corrections of the State of Nevada ("Department of

1

Corrections"). This dispute arises out of Harris' allegations that Defendants conspired to violate his civil rights by requiring him to verify with an outside organization whether he is Jewish according to Jewish law before he can receive kosher meals and participate in Jewish holidays and other religious activities (the "Verification Policy"). Harris claims that as early as April 2009 he began requesting kosher meals from the Defendants. The Defendants allegedly told Harris to get confirmation the he is Jewish from the Aleph Institute, a not-for-profit charitable organization that provides support to Jewish inmates. Harris apparently refused to do so. Instead, in April 2009, Harris initiated grievance proceedings with the Department of Corrections, insisting that he be given a Kosher Diet and that the Department of Corrections repeal the Verification Policy. The Department of Corrections ultimately denied Harris' grievance. Harris commenced this suit on July 13, 2010, asserting several constitutional and statutory claims.

On March 16, 2010, Harris filed a motion for preliminary injunction, requesting the Court to enjoin Defendants from enforcing the Verification Policy. The Defendants then filed a motion to stay proceedings, claiming that the Department of Corrections is in the process of eliminating the Verification Policy. Harris subsequently filed several other motions, including a motion identifying unserved Defendant, two motions to amend his complaint, and a motion for entry of a default judgment against Defendant Mary Carter. For the reasons discussed below, the Court grants Defendants' motion to stay and, as such, withholds judgment on all other pending motions, but only for a limited time to give Defendants an opportunity to clarify its decisions.

**DISCUSSION**

**II.     Motion to Stay**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). The trial court may "order a stay of the action pursuant to its

power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* at 864.

Defendants' motion to stay argues that this case should be stayed because the Department of Corrections is in the process of eliminating the Verification Policy. The Defendants claim that the Department of Corrections is conducting independent research to determine whether there is a legal basis for the Verification Policy and requests at least 30 days to conduct that research. (Dkt. #17, Erratum to Opp. to Mot. for Prelim. Inj., September 22, 2010, 2:4-10.) However, that request was made on September 22, 2010—over 100 days ago—and the Defendants have not notified the Court whether any changes have been made to the Verification Policy. The Department of Corrections has had ample time to revise or eliminate said policy. Therefore, the Court grants the motion to stay, but only until Friday, January 21, 2011, at which time the Court orders the Defendants to notify the Court of the status of the Department of Corrections' independent research. The Court will withhold judgment on all other pending motions until that time.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Stay (#28) is GRANTED. The Defendants are ordered to notify the Court of the status of the Department of Corrections' independent research by Friday, January 21, 2011.

Dated: January 7, 2011

_____
ROGER L. HUNT
Chief United States District Judge