UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMMY M. HARRIS,<br><br>            Plaintiff,<br><br>    vs.<br><br>HOWARD SKOLNIK, et al.,<br><br>            Defendants. | Case No.: 2:10-cv-00365-RLH-GWF<br><br>**O R D E R**<br><br>(Motion Identifying Unserved<br>Defendant–#29;<br>Motion to Amend–#30;<br>Motion to Amend–#33;<br>Motion for Entry of Default–#36) |

        Before the Court is Plaintiff Sammy M. Harris' **Motion Identifying Unserved Defendant** (#29), filed November 18, 2010, **Motion to Amend Complaint** (#30), filed November 18, 2010, **Motion to Amend Complaint** (#33), filed December 20, 2010, and **Motion for Entry of Clerks Default** (#36), filed December 20, 2010.  Defendants have not responded to any of these motions.

**BACKGROUND**

        Pro Se Plaintiff Sammy Harris, a prisoner at the Southern Desert Correctional Center in Indian Springs, Nevada, alleges that he is Jewish.  Defendants are prison officials from the Nevada Department of Corrections ("NDOC").  This dispute arises out of Harris' allegations that Defendants conspired to violate his civil rights by requiring him to verify with an outside

1

AO 72
(Rev. 8/82)

organization whether he is Jewish according to Jewish law before he can receive kosher meals and participate in Jewish holidays and other religious activities (the "Verification Policy"). Harris claims that as early as April 2009 he began requesting kosher meals from the Defendants. The Defendants allegedly told Harris to get confirmation the he is Jewish from the Aleph Institute, a not-for-profit charitable organization that provides support to Jewish inmates. Harris apparently refused to do so. Instead, in April 2009, Harris initiated grievance proceedings with NDOC, insisting that NDOC give him a Kosher Diet and that NDOC repeal the Verification Policy. NDOC ultimately denied Harris' grievance.

On July 13, 2010, Harris filed a complaint against Defendants containing seven disorganized and confusing "counts." For purposes of clarity and to promote efficient adjudication of this case, the Court construes Harris' complaint as asserting the following seven claims: (1) First Amendment Free Exercise of Religion; (2) First Amendment Establishment of Religion; (3) Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1; (4) Fourteenth Amendment Equal Protection, Religious Discrimination; (5) Fourteenth Amendment Equal Protection, Racial Discrimination; (6) Eighth Amendment Cruel and Unusual Punishment, Conditions-of-Confinement; and (7) First Amendment Retaliation.

On November 1, 2010, Defendants filed a motion to stay (#28) wherein they argue, among other things, that some of Harris' claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will, therefore, also treat that motion as a motion to dismiss. Harris subsequently filed several motions, including a motion identifying unserved Defendant, two motions to amend his complaint, a motion for order to show cause, and a motion for entry of a default judgment against Defendant Mary Carter. For the reasons discussed below, the Court grants Defendants motion to dismiss in part and denies it in part, and denies all of Harris' foregoing motions.

/

/

AO 72
(Rev. 8/82)

## DISCUSSION

**I.     Defendants' Motion to Dismiss**

    **A.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

/

**B.     Analysis**

Although the Defendants did not file a motion to dismiss, their motion to stay argued for the dismissal of several claims. Because Harris responded to these arguments the Court deems it proper to address them in this order.

**1.     Eighth Amendment**

Under the Eighth Amendment prohibition of cruel and unusual punishment, "[c]onditions in prison must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To assert a valid conditions-of-confinement claim the plaintiff must allege that the prison officials acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Deliberate indifference is a subjective standard that requires a showing that the responsible official acted with reckless disregard to a risk confronting the plaintiff, of which the official was aware. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994).

Harris claims that he suffered mental distress as a result of Defendants' alleged disregard for his constitutional rights and that this distress caused him physical harm. However, Harris does not allege that any of the Defendants were aware of this physical harm. Accordingly, Harris does not allege on the face of his complaint that any of the Defendants acted with deliberate indifference. Therefore, the Court dismisses Harris' Eighth Amendment conditions-of-confinement claim.

**2.     Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). "The Constitution's equal protection guarantee ensures that prison officials cannot discriminate against particular religions." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997),

4

*abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). Therefore, a prisoner of one religion must be given "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners" of other religions. *Id.* Finally, to state a valid equal protection claim, a plaintiff must allege that the responsible officials intentionally acted in a discriminatory manner. *Id*.

Harris claims that the Verification Policy is only implemented against inmates of the Jewish faith. He also claims that Defendants are engaging in this alleged discrimination intentionally. Accepting these allegations as true, Harris' claim allows the Court to draw a reasonable inference that the Defendants are liable for the alleged misconduct. Accordingly, the Court finds that Harris has alleged facts sufficient to state a valid Equal Protection religious discrimination claim.

Harris further claims Defendants intentionally discriminated against him on the basis of his race. However, Harris asserts no facts in support of this claim. To the contrary, Harris claims that the Verification Policy discriminates on the basis of religion—not race. Therefore, the Court dismisses Harris' Equal Protection racial discrimination claim.

### 3. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Harris fails to allege facts sufficient to support a valid claim for first amendment retaliation. The gravamen of Harris' complaint is that he is being deprived of the opportunity to engage in protected conduct—not that he is being retaliated against for having already engaged in that conduct. Therefore, Harris makes no allegations on the face of his complaint that would satisfy any of the five factors above. Accordingly, the Court dismisses this claim.

### 4. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act, a prisoner must exhaust available administrative remedies before bringing a claim in federal court. 42 U.S.C. § 1997e(a). Harris alleges that Defendants violated his civil rights by enforcing the Verification Policy against him before he could receive kosher meals and participate in Jewish holidays and other religious activities. However, Harris only raised the issue of the denial of kosher meals in the grievance process with the NDOC. Therefore, Harris has not fully exhausted his administrative remedies for the issues relating to participation in Jewish holidays and other religious activities. Therefore, the Court dismisses Harris' claims to the extent that they relate to participation in Jewish holidays and other religious activities. However, the Court does find that Harris has exhausted his administrative remedies for the issue of the denial of kosher meals.

## II. Harris' Motions to Amend Complaint

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). However, when seeking leave to amend a pleading, Rule 15-1 of the Local Rules of Practice requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading."

Harris' motions to amend apparently seek to add claims as well as remove certain allegations from Counts I through III of the original complaint. However, Harris failed to attach a *complete* proposed amended complaint with his motions as required by Local Rule 15-1. The Court therefore denies both of Harris' motions to amend. To receive leave to amend, Harris must comply with LR 15-1 by attaching a proposed amended complaint as an exhibit to that motion.

/

AO 72
(Rev. 8/82)

### III. Harris' Motion Identifying Unserved Defendant

Rule 4(m) of the Federal Rules of Civil Procedure states, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." On July 13, 2010, the Court issued an Order (#6) adding Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for Defendants. In that Order, the Court further notified Harris that if Attorney General Cortez Masto cannot accept service of process for any of the Defendants, he would be required to "file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s)." On November 18, 2010, Harris filed this motion identifying Mary Carter as an unserved Defendant.

Harris' motion fails for at least two reasons. First, the motion was filed more than 120 days from both the date of Harris' complaint and of this Court's July 13 Order—in violation of Rule 4(m). Second, the motion does not provide an address for Mary Carter but only a P.O. Box (apparently for the Nevada State Prison), which is insufficient for service of process purposes. Fed. R. Civ. P. Rule 4(e). Accordingly, because Mary Carter has not been properly served under Rule 4(m), the Court denies Harris' motion and dismisses Mary Carter from the case.

### IV. Harris' Motion for Entry of Clerks Default

Harris' motion for entry of default asks the Court to enter a default judgment against Mary Carter for failure to answer to Harris' complaint. However, this motion is now moot because Harris did not properly serve Mary Carter with process under Rule 4(m). The Court therefore denies this motion as moot.

/
/
/
/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Harris' Motion Identifying Unserved Defendant (#29) is DENIED.

IT IS FURTHER ORDERED that Harris' Motion to Amend Complaint (#30) is DENIED.

IT IS FURTHER ORDERED that Harris' Motion to Amend Complaint (#33) is DENIED.

IT IS FURTHER ORDERED that Harris' Motion for Entry of Clerks Default (#36) is DENIED as moot.

IT IS FURTHER ORDERED that the following claims are dismissed:

- Fourteenth Amendment Equal Protection, Racial Discrimination;
- Eighth Amendment Cruel and Unusual Punishment, Conditions-of-Confinement;
- First Amendment Retaliation;
- All claims to the extent that they relate to participation in Jewish holidays and other religious activities.

Dated: January 25, 2011

_____
ROGER L. HUNT
**Chief United States District Judge**