# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMMY M. HARRIS,

               Plaintiff,

vs.

HOWARD SKOLNIK, et al.,

               Defendant.

Case No. 2:10-cv-00365-RLH-GWF

**ORDER**

Screening of Plaintiff's First Amended Complaint (#71)

      This matter is before the Court on Plaintiff's First Amended Complaint (#71), filed on August 2, 2011.

## BACKGROUND

      Plaintiff Sammy Harris is a prisoner at the Southern Desert Correctional Center ("SDCC") in Indian Springs, Nevada. The named-Defendants are prison officials from SDCC and the Nevada State Prison in Carson City, Nevada. This dispute arises from Plaintiff's allegations that Defendants conspired to violate his civil rights by requiring him to obtain verification that he is Jewish from an outside organization in order to receive a kosher diet (the "Verification Policy"). Plaintiff claims that he requested kosher meals from the Defendants as early as April 2009, but Defendants required him to verify his faith with the Aleph Institute prior to granting him religious accommodations. Plaintiff refused to comply and instead, challenged the Verification Policy through the prison grievance system.

      This action was initially brought on July 13, 2010, alleging several constitutional and statutory claims. After screening, the Court ordered the Plaintiff's only remaining claims include: (1) First Amendment Free Exercise of Religion; (2) First Amendment Establishment of Religion; (3) Religious Land Use and Institutionalized Persons Act; and (4) Fourteenth Amendment Equal Protection, Religious Discrimination. *(See* #44.) On June 28, 2011, Plaintiff was granted leave to amend his

Complaint (#62) to include Plaintiff's First Amendment Retaliation claim.  The Court now screens Plaintiff's First Amended Complaint (#71).

**I.      Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

1  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
2  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
3  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
4  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
5  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28
6  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### A.     Count I: First Amendment Free Exercise of Religion

"The right to exercise religious practices and beliefs does not terminate at the prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain security."  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) .  A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987).  In order to implicate the Free Exercise of Religion Clause, the prisoner's beliefs must be both sincerely held and rooted in religious belief. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).

At a minimum Plaintiff must allege that (1) a substantial interference with conduct mandated by his faith and (2) that the hindrance was without any legitimate penological interest.  Here, Plaintiff alleges that Defendants violated his First Amendment right to exercise his religious freedom by requiring him to get confirmation from an outside religious organization in order to obtain a kosher diet. Plaintiff claims that he is Jewish and therefore a kosher diet is fundamental to his religious beliefs. Plaintiff alleges that requiring outside confirmation is a self-imposed policy instituted by the Defendants.  Accepting the Plaintiff's allegations as true, the Court finds Plaintiff pled sufficient facts to state a valid First Amendment Free Exercise of Religion claim.

### B.     Count II: First Amendment Establishment of Religion

The First Amendment's establishment clause prevents the government from promoting any religious doctrine or organization or affiliating itself with one. *County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 590 (1989).  The clause is violated when "the challenged governmental

practice either has the purpose or effect of 'endorsing' religion." *Id.* at 592, (citations omitted); it is not violated when a governmental entity provides opportunities for institutionalized inmates to practice their religion, provided that the entity does so in an even-handed way.  Under the three-part test laid out in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), a government act does not violate the establishment clause if it has a secular purpose; if its principal or primary effect is one that neither advances nor inhibits religion; and if it does not foster "an excessive governmental entanglement with religion." *Id.* at 612-13 (citations omitted).  The First Amendment not only prohibits governmental hostility toward religion, it affirmatively requires governmental neutrality toward religion.  *See Abdool-Rashaad v. Seiter*, 690 F.Supp. 598, 601 (S.D.Ohio,1987).

Plaintiff alleges between the months of April 2009 and January 2011, the Defendants conspired to violate his rights by refusing to give him a kosher diet.  Plaintiff claims that the Defendants acted deliberately in refusing to give him a kosher diet without prior verification of his religious status. Taking the Plaintiff's allegations as true, the Court finds that he has pled sufficient facts to support a claim under the First Amendment Establishment of Religion Clause.

        **C.**      **Count III: Fourteenth Amendment Equal Protection, Religious Discrimination**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyer v. Doe*, 457 U.S. 202, 216 (1982)).  "The Constitution's equal protection guarantee ensures that prison officials cannot discriminate against particular religions." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).  Therefore, a prisoner of one religion must be given "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners" of other religions. *Id.*  Finally, to state a valid equal protection claim, a plaintiff must allege that the responsible officials intentionally acted in a discriminatory manner. *Id.*

Plaintiff claims that the Verification Policy is only implemented against inmates of the Jewish faith.  Plaintiff further alleges that Defendants are engaging in this alleged discrimination intentionally. Accepting those allegations are true, Plaintiff's claim allows the Court to draw a reasonable inference

1  that the Defendants are liable for misconduct. Accordingly, the Court finds Plaintiff has alleged facts
2  sufficient to state a valid Equal Protection religious discrimination claim.

3          **D.**        **Count IV: Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000**

4          Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the
5  religious exercise of a person residing in or confined to an institution ... even if the burden results from
6  a rule of general applicability," unless the government demonstrates that the burden is "in furtherance
7  of a compelling government interest" and is "the least restrictive means of furthering that ... interest."
8  RLUIPA § 3(a), 42 U.S.C. § 2000cc-1(a). RLUIPA, passed after the Supreme Court's decisions in
9  *Employment Division v. Smith*, 494 U.S. 872 (1990), and *City of Boerne v. Flores*, 521 U.S. 507 (1997),
10 mandates a stricter standard of review for prison regulations that burden the free exercise of religion
11 than the reasonableness standard under Turner. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th
12 Cir.2005). The Supreme Court upheld the constitutionality of RLUIPA in *Cutter v. Wilkinson*, 544 U.S.
13 709, 721 (2005), noting that "RLUIPA ... protects institutionalized persons who are unable freely to
14 attend to their religious needs and are therefore dependent on the government's permission and
15 accommodation for exercise of their religion."

16         RLUIPA defines "religious exercise" as "any exercise of religion, whether or not compelled by,
17 or central to, a system of religious belief." § 2000cc-5(7)(A). The burden is substantial under RLUIPA
18 when the state " 'denies [an important benefit] because of conduct mandated by religious belief, thereby
19 putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.' "
20 *Warsoldier*, 418 F.3d at 995 (quoting *Thomas v. Review Bd. of the Ind. Employment Sec. Div.*, 450 U.S.
21 707, 717-18 (1981)).

22         Plaintiff alleges Defendants instituted an unconstitutional policy, targeting members of the
23 Jewish faith by requiring them to get verification of their religious beliefs from an outside organization.
24 Plaintiff argues this is a substantial burden and denies the Plaintiff the opportunity to sincerely practice
25 the religion of his choice. Plaintiff claims the Defendants issued a memorandum outlining their
26 Verification Policy in violation of Administrative Regulations 810 and 814. Accepting the Plaintiff's
27 allegations as true, the Court finds he pled sufficient facts to establish a claim under Rule 12(b)(6).
28 Obtaining verification from an outside organization could amount to a substantial burden. Plaintiff

therefore has alleged facts sufficient to establish a claim under the Religious Land Use and Institutionalized Persons Act.

### E.   Count V: First Amendment Retaliation

A viable claim of First Amendment retaliation entails five basic elements within the prison context: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2004) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)). "The proper First Amendment inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Id.* (quoting *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir. 1999)). A plaintiff need not prove that his speech was "actually inhibited or suppressed." *Id.* at 569. Allegations that the plaintiff's First Amendment rights were chilled, though not silenced, are sufficient. *Id.*

Here, Plaintiff alleges the Defendants retaliated against him by provoking his cell mate, inmate Gaines, to assault him. Specifically, Plaintiff alleges that Defendants deliberately punished Gaines and told him that if he did not like being punished then he should "deal" with Plaintiff. When Gaines asked Defendants why they were doing this to Plaintiff, Defendants told Gaines that it was because Plaintiff was challenging the Verification Policy. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has pled sufficient facts to state a valid claim under Rule 12(b)(6). The threat of an assault in a prison environment is both compelling and serious, and would chill a person of ordinary firmness from continuing to exercise his First Amendment rights. The Court finds Plaintiff has alleged facts sufficient to state a valid First Amendment retaliation claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may pursue his 42 U.S.C. § 1983 claims against Defendants, alleging violation of the First Amendment Free Exercise of Religion and Establishment of Religion Clauses, Fourteenth Amendment Equal Protection Clause, RLUIPA, and retaliation.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that Defendants will file and serve its Answer to the First Amended Complaint within **fourteen (14) days** of the date of this order.

DATED this 29th day of August, 2011.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE